UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DYLAN BEARD, #400860,

               Plaintiff,                       Case No. 2:21-cv-13067

v.                                     Honorable Nancy G. Edmunds

CONNIE HORTON,
MRS. BUCANON, and the
MICHIGAN DEPARTMENT
OF CORRECTIONS,

               Defendants.

_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

This matter came before the Court on a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff Dylan Beard is a state prisoner who is incarcerated at the Chippewa Correctional Facility ("URF") in Kincheloe, Michigan. (*Id.* at PageID.2.) The defendants are: Connie Horton, who is the warden at the URF; Mrs. Bucanon, whom Plaintiff describes as the "top nurse" at the URF; and the Michigan Department of Corrections ("MDOC"). (*Id.* at PageID.2-3.)

Plaintiff alleges that he broke his foot when two inmates "jumped" him and that the defendants are denying him a boot and proper medical care for his foot even though he was told at a hospital not to remove the boot. He also alleges that he was

forced to use a top bunk, that state officials in MDOC's health care unit at the URF merely told him to take Motrin for the pain and swelling, and that after the incident, MDOC officials placed him back in the unit with the people who caused his injury. (*Id*. at PageID.4-8.)  He seeks surgery on his foot and over a million dollars in money damages for his pain and suffering.  (*Id*. at PageID.8.)

A preliminary question is whether this district is the proper venue for Plaintiff's complaint.  A civil action may be filed in:  (1) a judicial district where any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction.  28 U.S.C. § 1391(b).

Public officials "reside" in the judicial district where they perform their official duties.  *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (*per curiam*) (quoting 1 Moore's Federal Practice 1487-88).  For the convenience of parties and witnesses, and in the interest of justice, a federal district court may transfer a civil action to any district where the action could have been brought.  28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (authorizing district courts in the interest of justice to transfer a case laying venue in the wrong district to any district where it could have been brought).

The individuals sued in this case perform their official duties at the URF in Kincheloe, and the events giving rise to Plaintiff's claims occurred there. Kincheloe is part of Chippewa County, which lies within the geographical boundaries for the Federal District Court in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Therefore, the proper venue for this action is the Northern Division of the United States District Court for the Western District of Michigan.

In the interest of justice and for the convenience of the parties and potential witnesses, the Court orders the Clerk of Court to transfer this case to the United States District Court for the Western District of Michigan. The Court has not screened Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, nor determined whether Plaintiff may proceed without prepaying the fees and costs for this action.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  January 13, 2022